Thomas **REDDINGER**, Appellant,

v.

**THE COMMISSIONER OF SOCIAL SECURITY.**

No. 02–3127.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) on May 14, 2003.

Decided May 20, 2003.

---

Before RENDELL, SMITH and ALDISERT, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Appellant Thomas B. Reddinger appeals from an order of the District Court granting summary judgment for the Commissioner of Social Security and affirming the denial of his application for disability benefits under Title II of the Social Security Act. *See* 42 U.S.C. § 423. The District Court exercised jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. Our review of the Commissioner's decision denying Reddinger's claim for benefits "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted).

In determining whether a claimant is disabled, the Commissioner must follow the sequential analysis set forth in the regulations promulgated by the Social Security Administration. *See* 20 C.F.R. § 404.1520. Under the first step of the analysis, a claimant is not disabled if he was doing substantial gainful activity. 20 C.F.R. § 404.1520(a). "Substantial gainful activity" is defined as "work activity" that is both "substantial" and "gainful." 20 C.F.R. § 404.1572. Substantial work "involves doing significant physical or mental activities" and "gainful work" is done "for pay or profit." 20 C.F.R. § 404.1572. Under § 404.1572, work may be "substantial" even if it is done on a "part-time basis." 20 C.F.R. § 404.1572(b).

In this case, the Commissioner determined that Reddinger had performed substantial gainful activity when he worked as a dispatcher from July 1997 to July 1998 two and one half days a week and as a cashier from April 1995 to April 1996 for two to six days a week for eight hours a day. The nature of Reddinger's past work as a dispatcher and a cashier was set forth in a Work Activity Report Reddinger completed in February 1999. During a hearing before an Administrative Law Judge, Reddinger confirmed that he worked in these positions and that he had earned an average of $702.72 per month while he was a cashier. With respect to his position as a cashier, he affirmed that he was "hired to be a cashier and nothing else[,]" but that he was terminated almost a year later because his employer wanted him to perform additional work, such as stocking shelves, mopping restrooms and shoveling snow, which was too physically demanding. In light of Reddinger's past employment and earnings, which exceeded the limits in 20 C.F.R. § 404.1574, the Commissioner

denied Reddinger's application for benefits consistent with 20 C.F.R. § 404.1520(a).

Reddinger contends that the Commissioner's decision is not supported by substantial evidence because he relied upon Reddinger's Work Activity Report and failed to credit his testimony that his position as a cashier differed from that of the other cashiers who performed physically demanding tasks. Reddinger's argument is not persuasive. The Commissioner appropriately accorded great weight to Reddinger's employment history and past earnings as detailed in the Work Activity Report, thereby rejecting his testimony to the contrary. In light of Reddinger's testimony that the nature of his job duties as a cashier changed after a year of employment, there was no error in concluding that his employment as a cashier constituted substantial gainful activity. Accordingly, the District Court's grant of summary judgment for the Commissioner will be affirmed.